# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOHAMED ELJARAOUY,<br><br>        Petitioner,<br><br>    v.<br><br><br>JEREMY CASEY, Warden, Imperial Regional Detention Facility,<br><br>        Respondent. | Case No.:  3:26-cv-01449-BTM-AHG<br><br>**ORDER CONDITIONALLY GRANTING PETITION FOR THE WRIT OF HABEAS CORPUS**<br><br>**[ECF NO. 1]** |

Mohamed Eljaraouy petitioned the Court for the writ of habeas corpus pursuant to 28 U.S.C. § 2241 on March 6, 2026.  (ECF No. 1.)  He claims that his fifteen-month detention "without adequate procedural protection" is unreasonably prolonged and violates the Due Process Clause of the United States Constitution.  (*Id.* at 4–5.)

The Respondent "concedes that this Court should order that Petitioner receive a bond hearing, where the government would bear the burden of proof of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight." (ECF No. 7, at 1 (citations omitted).)  The Petitioner argues that immediate release is the correct remedy for the violation of his Due Process rights rather than a bond hearing. He contends that the government's repeated failure to obtain a Tarifit interpreter caused

26-cv-1449

his credible fear interview and immigration-court hearings to be continued "each and every time, notwithstanding the fact that [the government] knows he only speaks Tarifit." (ECF No. 8, at 2 (citing Ex. A, ¶ 6).) Therefore, he argues the Respondent "should not be permitted to detain him any further." (*Id.*) Because the parties agree that the Petitioner's claim warrants relief, the Court addresses only what relief is warranted.

The Court has the equitable discretion to remedy unlawful detention "as law and justice require." 28 U.S.C. § 2241; *see Brown v. Davenport*, 596 U.S. 118, 134 (2022). The relief ordered, however, "must be narrowly tailored to remedy the specific harm shown." *E. Bay Sanctuary Covenant v. Biden*, 993 F.3d 640, 680 (9th Cir. 2021) (quoting *Bresgal v. Brock*, 843 F.2d 1163, 1169–1170 (9th Cir. 1987)).

Here, the Petitioner's asylum claim and immigration proceedings have stalled because the government has not fulfilled its duty to provide an interpreter. *See* 8 C.F.R. § 208.30(d)(5) ("If the alien is unable to proceed effectively in English, and if the asylum officer is unable to proceed competently in a language the alien speaks and understands, *the asylum officer* shall arrange for the assistance of an interpreter in conducting the interview." (emphasis added)); *Perez-Lastor v. Immigr. & Naturalization Serv.*, 208 F.3d 773, 778 (9th Cir. 2000) ("If an alien does not speak English, deportation proceedings must be translated into a language the alien understands."). Courts have ordered release in similar situations where the government failed to justify prolonged detention and violated a detainee's Due Process rights. *See, e.g.*, *Moctezuma v. Henkey*, 2026 WL 18809, at *5 (D. Idaho Jan. 2, 2026) (collecting cases). Yet the Court recognizes that the government has "countervailing interests in immigration enforcement"—such as evaluating whether an individual is a flight risk or danger to the community—that can be satisfied with a narrowly tailored remedy. *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1206, 1209 (9th Cir. 2022). Given the interests of the Petitioner and the government, the writ of habeas corpus will issue conditionally. *Cf. Lujan v. Garcia*, 734 F.3d 917, 933 (9th Cir. 2013) ("[A] court may issue a conditional writ that requires the state to release a petitioner unless it takes some other remedial action, such as retrial of the petitioner.").

26-cv-1449

The writ may issue to release the Petitioner from custody unless the Respondent provides the Petitioner with an individualized bond hearing within twenty-one (21) days of this Order.  *See Singh v. Holder*, 638 F.3d 1196, 1200 (9th Cir. 2011) (holding that noncitizens[1] "facing prolonged detention" are "entitled to a bond hearing before a neutral immigration judge.").  The Respondent must arrange for a Tarifit interpreter to be present, in person or by telephone, for the bond hearing.  The bond hearing must be before a fair, neutral, and open-minded immigration judge who is ordered to determine whether the Petitioner is a danger to the community or a flight risk and what bond conditions, if any, would be appropriate to ensure the Petitioner's appearance.  During the bond hearing, the Government shall bear the burden of establishing by clear and convincing evidence that the Petitioner poses a danger or flight risk.  *See Sandesh v. LaRose*, 2026 WL 622690, at *5 (S.D. Cal. Mar. 5, 2026).  If the immigration judge denies bond, the judge must make specific findings as to why the Petitioner is a flight risk or a danger to the community.

Accordingly, the petition for the writ of habeas corpus is **CONDITIONALLY GRANTED**.  The Respondent shall provide a bond hearing in accordance with the requirements ordered above no later than **April 29, 2026**.  The parties shall file a joint statement as to the satisfaction of the writ no later than April 30, 2026, at 12 p.m.  The Court retains jurisdiction to enforce the writ.

**IT IS SO ORDERED.**

Dated:  April 8, 2026

Honorable Barry Ted Moskowitz
United States District Judge

---

[1] This order uses the term "noncitizen" as equivalent to the statutory term "alien."  8 U.S.C. § 1101(a)(3); *see Barton v. Barr*, 590 U.S. 222, 226 n.2 (2020).

3

26-cv-1449